| UNITED STATES BANKRUPTCY COURT | FOR PUBLICATION |
| WESTERN DISTRICT OF NEW YORK | |

-----------------------------------------------------------------

In re

    Leonard J. D'Amico                                             Case No. 11-12594 K

                    Debtor

-----------------------------------------------------------------

Kyle Jordan

                    Plaintiff

         -vs-                                AP No. 13-1088 K

Leonard J. D'Amico

                    Defendant

-----------------------------------------------------------------

David M. DiMatteo, Esq.
David M. Roach, Esq.
87 N. Main St.
POB 190
Warsaw, NY  14569-0190

Attorney for Plaintiff

Dennis Gaughan, Esq.
6261 Park Avenue
Hamburg, NY  14075

Attorney for Defendant

<u>Opinion and Order Allowing Amendment to
Complaint to Reflect Timely Filing</u>

The Debtor filed a Chapter 13 case on July 23, 2011. (Case No. 11-12594 MJK). The bar date for complaints related to discharge was fixed as November

14, 2011.  On October 16, 2013, the Court granted the Debtor's own motion to dismiss his Chapter 13 case.  (As was later made clear, he sought to file a joint Chapter 7 case with his wife, right away.)  The Chapter 13 Trustee's case closing report and account followed the usual course and was filed on November 11, 2013.  In the meantime, on the same day that the Order Dismissing the Chapter 13 case was filed (October 16, 2013) the Debtor (and his wife) filed a new case under Chapter 7 (Case No. 13-12764 MJK).  Thus, the Debtor had two cases pending at one time.  (The fact that the earlier case still pended after the Order of Dismissal was because of the administrative responsibilities of the Chapter 13 Trustee, and not because of any fault of the Debtor.)

    The bar date for discharge-related complaints in the new Chapter 7 was set as January 13, 2014.  On December 3, 2013, the Plaintiff's counsel (who was aware of both cases) filed an adversary proceeding Complaint regarding $42,000 transferred by the Plaintiff to the Debtor in connection with a home remodeling project for the Plaintiff.  The Complaint was well-framed for use in the Chapter 7 case in that in addition to 11 U.S.C. § 523 relief, it also sought denial of discharge under 11 U.S.C. § 727, a Code section that had no application to the Chapter 13 case.  That Adversary Proceeding should have been captioned in the new Chapter 7 case, but when it was "e-filed" by counsel's office, it was inadvertently associated with, and captioned in the Chapter 13 case.  The Clerk then assigned Adversary Proceeding number 13-1088 K to the Adversary Proceeding, within lead bankruptcy case number 11-12594 K.  The Plaintiff served the Summons and Complaint.  Apparently concerned about the § 727

reference (among other things), the Debtor's counsel filed and served an Answer to the Complaint on January 3, 2014. As of that time, the bar date for dischargeability complaints in the new Chapter 7 case was only 10 days away (January 13, 2014).

Having received the Answer, the Plaintiff's counsel waited for the Court to issue a scheduling order setting a Rule 16 conference. That Order was issued on January 30, 2014, setting the pre-trial conference for March 3, 2014. At that scheduling conference the Debtor pointed out that the Complaint might have been filed in the wrong case. The Court invited from the Plaintiff any motion that counsel thought would be appropriate to address the issue.

Plaintiff's counsel brought a motion under Rule 15 to amend the caption of the Complaint to reflect the new Chapter 7 case number. The Debtor opposed, arguing, *inter alia*, that Rule 15 cannot be used to move an adversary proceeding into a different bankruptcy case, and, even if it could, this Adversary Proceeding would be time barred in the new Chapter 7 proceeding. The Debtor offered two published decisions dealing with the filing of an objection to discharge or a dischargeability proceeding in the wrong case. *In re McKoy*, 211 B.R. 843 (E.D. Va. 1997), and *In re Atteberry*, 194 B.R. 521 (D. Kan. 1996). Those cases, however, are not in point. The Debtor argues that the *McKoy* case "is similar to the present case because in *McKoy*, the Debtor had two open bankruptcies and a party filed a complaint in one case, but wished to transfer the pleadings to the other case to avoid an issue with the strict directive language of Rules 4004 and 9006." That is incorrect. Mr. McKoy was not the

debtor in two cases. In fact, one case was a corporate case (in regards to which Mr McKoy owned and directed the corporation, and in which the caption of the corporate case included an "a/k/a" naming him as a responsible individual) and the other case was the Chapter 7 case for him as an individual.  Similarly, in *Atteberry*, the Chapter 11 case was that of Dr. Atteberry's professional corporation, and the other case was his individual case.

In other words, the complaints had been filed against the wrong debtors. Here there is no such mistake.  Leonard D'Amico was a Debtor in both cases.

The Court finds that given the confusion and problems created when a debtor has more than one case pending, or when a debtor files one case immediately after the other, attention must be focused on what this Court believes to be "substantial compliance" with an Official Form, as contemplated by Rule 7010, F.R.B.P.  Rule 7010 incorporates Rule 10, F.R.Civ.P., but adds the requirement that the caption of the complaint substantially conform to the applicable Official Form.  Rule 10(a), F.R.Civ.P., is the rule that requires that the court's file number or index number be included in the caption.  Of course, in practice in the United States District Court under Rule 10(a), a complaint never contains that index number when filed because the attorney does not know what that number will be.  The number is assigned by the Clerk of the District Court or the Clerk's computer.  Thus if this were a plenary action in the U.S. District Court for this District, the Plaintiff's attorney would have filed the complaint without any number at all in the caption and the Clerk of the District Court would assign the

number.  In other words, the index number requirement of Rule 10(a) really addresses only papers filed <u>after</u> the Complaint.

The only reason that the Plaintiff's counsel in <u>this</u> case had to place <u>any</u> <u>number at all</u> in the caption of this complaint is the Rule 7010 command that the caption "substantially conform" with the appropriate Official Form.  Official Form number 16 D is the form of caption for an adversary proceeding.  It contains a field for the underlying bankruptcy "case number" as well as a field for an adversary proceeding number, but it does not expressly command that either field be filled in.  As in District Court practice, the plaintiff cannot know what the adversary proceeding number will be until after the complaint has been filed and the number assigned by the Clerk of the Bankruptcy Court or her computer.

As one court ruled, an adversary proceeding is not a part of the bankruptcy case.  It is a separate case that is duly commenced when a complaint is filed.  (*In re Lee*, 2009 WL 1704353 (Bankr. E.D. Va. 2009.)  Certainly jurisdiction (among other things) is dependent upon a bankruptcy case, but the underlying case need not even be an <u>open</u> case in some instances.  For example, dischargeability complaints that are not governed by § 523(c) may be filed at any time without reopening the bankruptcy case.  (If the debtor is to be the plaintiff, however, a filing fee may be avoided by first re-opening the bankruptcy case - - then he or she again becomes a debtor in a "pending case," and need not pay certain filing fees.)   Also, some adversary proceedings are statutorily venued in a district other than the district in which the

bankruptcy case is pending.

The Bankruptcy Rules Committee, the Judicial Conference of the United States, the Supreme Court, and Congress (all of which play a roll in adoption of the Federal Rules of Bankruptcy Procedure) certainly knew that placing the bankruptcy case number in the caption of an adversary proceeding complaint could not be more than precatory or else the basic premises of Part 7 of the Federal Rules of Bankruptcy Procedure would have had to be re-written.  (E.g., Has an adversary proceeding been commenced if, for example, the bankruptcy case number references a non-existent case because of a typographical error?  Is that a jurisdictional defect or might it be corrected?)

When drafters of rules want to encourage compliance with a wishful objective that they cannot command, they use such words as "should" rather than "shall" or "must"; "would," rather than "will" or "shall"  (e.g. "a proper response <u>would</u> be served no later than three days before the return date" ); and use "substantially comply," even if the word ahead of that is "shall" or "must."  "Shall substantially comply" is a hedge-phrase that is  warmly-welcomed as a useful compromise when rules-makers otherwise cannot reach agreement as to whether the matter should be merely permissive, or should be mandatory.

Also, a broad interpretation of the phrase has become more important as this Court has moved from pre-filing review of paper documents at what physically was an "intake counter," to post-filing cyberspace efforts by the Clerk's Office to impose

order on what some anonymous person in the office of some lawyer or creditor e-filed the night before. Before this Court adopted "CM/ECF" electronic filing in 2003, the Plaintiff's attorney could have sent the Complaint to the Clerk's office in the mail along with the appropriate filing fee, and said "Please file this in, assign it a number, and return my time-stamped copy." The Clerk's office promptly would have called the attorney and said "Which bankruptcy case do you want this Adversary Proceeding to be associated with? There are <u>two</u> cases pending for this Debtor. One is a 2011 case that has been dismissed but is not closed, and the other is a Chapter 7 case that was filed on the day that the Chapter 13 case was dismissed. Which would you like?" The present issue, thus, would not have arisen in the days before e-filing.

Finally, it is the Court's view that it would be inequitable to permit a debtor to complain of prejudice under the facts of this case.[1] The Debtor is the defendant in a well-pled § 523 and § 727 adversary proceeding and will not be heard to complain of the confusion caused by his having caused one case to be dismissed so that he could promptly file a joint case.

Although this is not simply a case of a well-captioned complaint e-filed in

---

[1] Certainly the incorrect identification of the appropriate case number could be dispositive in favor of a defendant who is not the debtor. The creditor who is a defendant in a preference action, for example, might not even know who the real debtor is (as opposed to a d/b/a). Full obedience to Rule 7010 in such a case might be critical to a defendant's determination as to whether to pay a lawyer to defend. Knowing the appropriate case number for the applicable debtor would enable the preference target to look up the information needed in order to make that economic decision. This is not to suggest that the outcome would be different in such a case. It is possible that a ruling as to "substantial compliance" with an Official Form might depend upon the facts, on a case-by-case basis.

"the wrong case" (the caption was wrong, and in the body of the Complaint there is at least one invocation of the wrong case number) it is the view of the Court that the Plaintiff did "substantially comply" with Official Form 16 D, and thus, obeyed Bankruptcy Rule 7010.  Consequently, this Complaint shall *nunc pro tunc* be deemed to have been timely filed in association with case number 13-12764.  Having so held, it is appropriate for the Court to approve the Plaintiff's Rule 15 Motion to Amend the Complaint so to correct the record.

The Clerk is directed to make any necessary notations on the case dockets and any necessary changes to CM/ECF to effectuate the Court's Order and link the
Adversary Proceeding to the correct bankruptcy case.

The Adversary Proceeding is restored to the calendar for a further telephone conference on April 15, 2014 at 2:00 p.m.

SO ORDERED.

Dated:	Buffalo, New York
	April 4, 2014

						s/Michael J. Kaplan
						_____
						U.S.B.J.